Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

CAUSE NO. _____

| | | |
|---|---|---|
| GUADALUPE ENRIQUEZ AND ISRAEL LEIJA,<br>*Plaintiffs,* | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |

---

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR ADMISSIONS, REQUEST FOR DISCLOSURE, REQUEST FOR PRODUCTION, AND FIRST SET OF INTERROGATORIES

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, hereafter "Plaintiffs," in the above-styled and numbered cause of action complaining of PHILADELPHIA INDEMNITY INSURANCE COMPANY, hereafter "PHILADELPHIA," and files this their Plaintiffs' Original Petition, Request for Disclosure, Request for Production, First Set of Interrogatories and Request for Admissions, and for support would show this Court as follows:

I.

#### DISCOVERY CONTROL PLAN LEVEL

1.01    Plaintiffs intends that discovery be conducted under Level 3 as set forth in Rule 190.4 of the Texas Rules of Civil Procedure.

II.

#### CLAIM FOR RELIEF

**EXHIBIT "A"**

2.01    Pursuant to Rule 47 of the Texas Rules of Civil Procedures, Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000 and a demand for judgment for all

---

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

the other relief to which Plaintiffs deems themselves entitled.

III.

## PARTIES AND SERVICE

3.01    Plaintiff GUADALUPE ENRIQUEZ is an individual who is a resident of Hidalgo County, Texas.

3.02    Plaintiff ISRAEL LEIJA is an individual who is a resident of Hidalgo County, Texas.

3.03    Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY, hereafter "PHILADELPHIA" is a commercial insurance company licensed and authorized to engage in the insurance business in the State of Texas. Defendant may be served with process via certified mail upon its attorney for service: C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 78501.

IV.

## JURISDICTION

4.01    This court has jurisdiction over the subject matter of this case because the amount in controversy is within this Court's jurisdictional requirements.

4.02    Venue is proper pursuant to Tex. Bus. & Com. Code § 17.56; specially, venue is proper in Hidalgo County, Texas pursuant to the Texas Civil Practice & Remedies Code Ann. §15.002 (Vernon's 2004) as all or a substantial part of the events or omissions giving rise to the claim occurred in Hidalgo County, Texas.

V.

## FACTUAL BACKGROUND

5.01    On or about July 16, 2019, Plaintiff GUADALUPE ENRIQUEZ AND ISRAEL

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

LEIJA were negligent free passengers in a vehicle traveling westbound on the outside lane of Interstate 2 in Pharr, Hidalgo County, Texas.

5.02    At the same time, an underinsured driver Victoria De Jesus (the "Underinsured Driver"), was traveling the same route, directly behind Plaintiffs. Due to the negligent manner in which she was driving, Victoria De Jesus negligently slammed into the rear of Plaintiff's vehicle, and proximately caused the damages claimed herein.

5.03    The Underinsured Driver had a duty to exercise the degree of care that a reasonably careful person would. The occurrence made the basis of this suit, and the resulting injuries and damages were caused by the negligent conduct of the Underinsured Driver including but not limited to the following acts and omissions:

a.    She failed to keep a proper lookout;

b.    She drove her vehicle in willful or wanton disregard for the safety of persons or property;

c.    She failed to control her speed as a person of prudent care would have done;

d.    She was operating the motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

e.    She failed to maintain an assured clear distance from the vehicle in front of her;

f.    She failed to turn the motor vehicle in an effort to avoid the car crash; and

g.    She failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision.

5.04    Each of such acts and/or omissions, singularly or in combination with others, constituted negligence and/or negligence as a matter of law which proximately caused the car crash and injuries and damages which Plaintiffs suffered.

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

5.05    Prior to and at the time of such collision, Plaintiffs were protected against losses

relating to bodily injuries resulting from the use, operation, maintenance, and/or ownership of an

uninsured and/or underinsured motor vehicle by a policy of insurance issued and/or sold by

Defendant PHILADELPHIA under policy number PHPK2003077.

5.06    Plaintiffs recovered policy limits, with consent of PHILADELPHIA, from the

liability carrier of the Underinsured Driver.

5.07    Due to the intensity of their injuries, Plaintiffs applied for Underinsured Motorist

Benefits pursuant to insuring contracts issued by PHILADELPHIA.

5.08    Plaintiffs' benefits claim for PHILADELPHIA was ultimately assigned to

STEVEN ANDERSON for evaluation and settlement. STEVEN ANDERSON either carried out

the corporate policy of PHILADELPHIA in reaching a 'no benefits due' evaluation, or was

outside the course and scope of their employment when she wrongfully failed to perform a proper

investigation of the Plaintiffs' claim, failed to effect a prompt, fair and equitable settlement of the

claim in which liability had become reasonably clear, refused to provide Plaintiffs a copy of the

insurance policy in question, refused to pay or authorize payment or recommend payment of

Plaintiffs' claims prior to conducting a reasonable investigation based on all available

information, and failed to commission a reasonable, unbiased and independent medical evaluation

of the Plaintiffs' injuries arising from the crash giving rise to this litigation.

VI.

AGENCY, RESPONDEAT SUPERIOR, CONCERT OF ACTION

6.01    At all times material hereto, all of the agents, servants, or employees of Defendant

that were in any way connected to this suit were acting in the scope of their employment or official

duties and in furtherance of the duties of their office or employment.  Thus, Defendant is liable to

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-2170-20-C

Plaintiffs for any negligent acts or omissions of its agents, servants, or employees under the Doctrine

of *Respondeat Superior*.

6.02    Whenever it is alleged that PHILADELPHIA did an act or thing, or omitted to do

an act or thing, it is meant that PHILADELPHIA committed such act or omission either directly

or by and through its employees, agents, delegates, servants, managers, administrators, officers, or

representatives.

6.03    Whenever it is alleged herein that an employee, agent, delegate, servant, manager,

administrator, officer, or representative of a principal did an act or thing, or omitted to do an act

or thing, it is meant that such conduct was performed in the course and scope of the applicable

agency, employment, or representation of the principal.

VII.

BREACH OF CONTRACT

7.01    Although Plaintiffs fully cooperated with Defendant, and despite the fact that all

conditions precedent to recovery have occurred, Defendant has failed and refused to pay to

Plaintiffs the benefits due under the contracts of insurance in question, which was in full force and

effect at the time of the collision which forms the basis of this lawsuit.

7.02    The conduct of Defendant constitutes a breach of contract in the following

particulars:

a.      By failing and/or refusing to pay Plaintiffs' claim promptly;

b.      By failing and/or refusing to evaluate Plaintiffs' claim fairly; and

c.      By breaching the duty of good faith and fair dealing.

7.03    Each of these acts constitute a breach of contract entitling Plaintiffs to sue in an

amount in excess of the minimum jurisdictional limits of this Court. All conditions precedent

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

have been performed or have occurred.

7.04    Plaintiffs are entitled to recover reasonable attorney's fees because this is a claim on a written contract within the meaning of Texas Civil Practice and Remedies Code Section 38.001.

## VIII.

### BREACH OF DUTY OF GOOD FAITH & FAIR DEALING

8.01    Defendant breached its duty of good faith and fair dealing by failing to offer a reasonable settlement for Plaintiffs' claim for underinsured motorist benefits on or between July 16, 2019 and the date of Plaintiffs' Original Petition. Defendant owed the duty of good faith and fair dealing to Plaintiffs and Plaintiffs are entitled to recover damages proximately caused by Defendant's breach of their duty of good faith and fair dealing.

## IX.

### INSURANCE CODE & DECEPTIVE TRADE PRACTICES VIOLATIONS

9.01    The failure to settle Plaintiffs' underinsured motorist claims on or between July 16, 2019 and the date of Plaintiffs; Original Petition violates TEXAS INSURANCE CODE § 541.060, § 541.151, and § 542.003 regarding unfair competition, unfair practices, and the prompt payment of claims. Additionally, by virtue of the foregoing, Defendant has violated TEXAS BUSINESS & COMMERCE CODE § 17.46 (hereinafter referred to as the "DTPA"). Specifically, Defendant violated TEXAS DECEPTIVE TRADE PRACTICES ACT § 17.46(B)(5, 7, 12, and 24). Therefore, Plaintiffs are entitled to treble damages pursuant to TEXAS DECEPTIVE TRADE PRACTICES ACT § 17.50(A)(4).

9.02    Plaintiffs have complied with the mandate that a DTPA demand letter be sent to Defendant. A notice of claim and demand for payment was mailed by Plaintiffs to Defendant.

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

Notwithstanding Plaintiffs' compliance, Defendant has refused to tender any offer to compensate Plaintiffs.

9.03    Plaintiffs hired Tijerina Legal Group, P.C. to provide legal assistance in prosecuting this action. Pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE § 38.001 and TEXAS BUSINESS & COMMERCE CODE §17.50(D), Plaintiffs are entitled to recover reasonable attorney's fees in prosecuting this action and in prosecuting any appeals from the judgment in this cause.

## X.

## NEGLIGENCE & MISREPRESENTATION

10.01   Defendant, its agents, servants, officers, and employees, were negligent in the following acts or omissions:

a.      Failing to properly acknowledge Plaintiffs' claims;

b.      Failing to reasonably investigate Plaintiffs' claims;

c.      Failing to reasonably evaluate Plaintiffs' claims;

d.      Failing to promptly compensate Plaintiffs; and

e.      Failing to make a reasonable settlement offer of Plaintiffs' claims.

10.02   Defendant and its agents, servants, officers, and employees owed Plaintiffs the duty of reasonable care in acknowledging, investigating, processing, and financially satisfying Plaintiffs' claims under the subject underinsured/uninsured motorist insurance policy. Defendant violated its duties and was negligent in the particulars set forth above.

10.03   Defendant knew or should have known that Plaintiffs would rely upon Defendant's acts, omissions, and misrepresentations. Plaintiffs did, in fact, reasonably rely on Defendant's acts, omissions, and misrepresentations when purchasing said insurance policy and presenting a

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

claim under said insurance policy.

10.04 Defendant knew and had reason to know that its acts, omissions, and misrepresentations would cause financial hardship, additional stress, and anxiety to Plaintiffs. Through solicitation, Defendant made statements and representations about the quality of service and product Defendant provided. Said representations were relied upon and insurance based on was purchased as a result.

10.05 In addition, Plaintiffs presented claims to Defendant based on Defendant's statements and representations regarding the quality of Defendant's product and service. Upon the presentment of Plaintiffs' claims, Defendant failed to produce the quality of service and product advertised, causing Plaintiffs to be injured. Each of the above-mentioned acts, omissions, and misrepresentations was a proximate cause of the damages suffered by Plaintiffs.

## XI.

### VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

11.01 The Texas Legislature enacted Chapter 541 of the Texas Insurance Code to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices. Further, the legislature made it clear that this Act "shall be liberally construed and applied to promote its underlying purposes as set forth in this section." Tex. Ins. C. §541.008.

---

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

11.02  Plaintiffs would show that Defendant violated Chapter 541 of the Texas Insurance Code by engaging in an unfair and deceptive course of conduct which precluded Plaintiffs from receiving a recovery for the underinsure motorist claim herein in a timely manner. Specifically, Plaintiffs assert that Defendant failed to provide Plaintiffs with insurance coverage as required by the terms of the Policies.

11.03  Plaintiffs further would show that Plaintiffs made written demand to Defendant for the purpose of seeking settlement of these matters pursuant to Chapter 541 of the Texas Insurance Code. Despite numerous attempts to settle his claim, Plaintiffs' underinsured motorist claim remains unresolved.

11.04  Plaintiffs further would show that Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim in violation of Section 541.060(2).

11.05  Plaintiffs further would show that Defendant failed to promptly give Plaintiffs a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the Defendant's offer of a compromised settlement on Plaintiffs' claim in violation of Section 541.060(3).

11.06  Plaintiffs further would show that Defendant failed to affirm or deny coverage of Plaintiffs' claim to Plaintiffs after receipt of his demand, in violation of Section 541.060(4).

11.07  Plaintiffs further would show that Defendant refused, failed, or unreasonably delayed an offer of settlement under the policy in question on the basis that a third party was responsible for the damages suffered by Plaintiffs, in violation of Section 541.060(5).

11.08  Plaintiffs further would show that Defendant refused to pay Plaintiffs' claim without conducting a reasonable inspection in violation of Section 541.060(6).

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

11.09  Plaintiffs further would show that Defendant PHILADELPHIA failed to disclose the limits of the insuring agreement and provide a copy of the policy required by law to be disclosed in violation of Section 541.061(5) and Section 1952.055(c).

11.10  Plaintiffs further would show the above described actions of Defendant were committed knowingly, thus entitling Plaintiffs to treble damages as provided in the Texas Insurance Code.

### XII.

### VIOLATIONS OF CHAPTER 542 OF THE TEXAS INSURANCE CODE

12.01  In addition, the Texas Legislature enacted Chapter 542 of the Texas Insurance Code also known as the Unfair Claim Settlement Practices Act to prohibit insurance companies and their representatives from engaging in Unfair Claim Settlement Practices.  The Act mandates that "No insurer doing business in this state under the authority, rules and regulations of this code shall engage in unfair claim settlement practices."

12.02  Plaintiffs would show that Defendant failed to acknowledge with reasonable promptness pertinent communications relating to a claim arising under the insurer's policy in violation of Section 542.003(b)(2).

12.03  Plaintiffs further would show that Defendant did not attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear in violation of Section 542.003(b)(4).

12.04  Moreover, the Texas Legislature also enacted Chapter 542 of the Texas Insurance Code also known as the Prompt Payment of Claims Act.  This Act imposes specific deadlines for claims handling procedures to ensure the prompt payment of claims. The legislature expressly stated that this Act "shall be liberally construed to promote its underlying purpose which is to obtain prompt payment of claims made pursuant to policies of insurance."

12.05  Plaintiffs would show that Defendant failed to timely acknowledge receipt of

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

Plaintiffs' claim and commence an investigation of the claim in violation of Section 542.055(a).

12.06   Plaintiffs further would show that Defendant did not notify Plaintiffs in writing of the acceptance or rejection of a claim not later than the fifteenth business day after the date Defendant receives all items, statements, and forms required in violation of Section 542.056(a).

12.07   Plaintiffs further would show that, if Defendant was unable to accept or reject the claim within the fifteen day time period, Defendant did not notify Plaintiffs of the reasons that Defendant needed additional time in violation of Section 542.056(d).

12.08   Plaintiffs further would show that Defendant delayed payment of Plaintiffs' claim in violation of Section 542.058.

12.09   If an insurer is not in compliance with Chapter 542, which Defendant is not, the insurer is liable to Plaintiffs, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fee, to be taxed as costs. Tex. Ins. C. §542.060.

## XIII.

### VIOLATIONS OF THE TEXAS PRACTICES AND CONSUMER PROTECTION ACT

13.01   Defendant is guilty of violations of the Texas Deceptive Trade Practices and Consumer Protection Act and the Texas Insurance Code. Defendant and its agents, employees, and representatives, have knowingly and intentionally engaged in false, misleading, or deceptive acts or practices including, but not limited to, representing that goods or services have characteristics or benefits which they do not have; and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve or which are prohibited by law.

13.02   Such violations of the Texas DTPA and Texas Insurance Code were committed

---

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

knowingly, and as such, the Plaintiffs are entitled to recover statutory "additional" damages.

## XIV.

## PETITION FOR DECLARATORY RELIEF

14.01   All allegations herein are incorporated by reference.

14.02   Pleading further, Plaintiffs bring this action against PHILADELPHIA for declaratory relief under the Uniform Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE §§ 37.001 *et seq.* ("UDJA"). Plaintiffs requests that this Court establish by declaratory judgment:

a.   that Plaintiffs are covered under the policy;

b.   that Plaintiffs are entitled to underinsured motorist coverage under the policy;

c.   that Victoria De Jesus is an underinsured driver under the policy;

d.   that Victoria De Jesus' negligence proximately caused the collision;

e.   that Victoria De Jesus' negligence proximately caused Plaintiffs' damages, past and
future, including all damages pleaded herein;

f.   that Plaintiffs' damages are covered under the policy;

g.   that all applicable policy provisions have been or are being satisfied;

h.   the amount of the damages Plaintiffs incurred as a result of the collision;

i.   the amount of prejudgment interest that Victoria De Jesus would owe;

j.   the amount of underinsured motorist insurance benefits PHILADELPHIA is obligated to tender under the policy to Plaintiffs, representing damages incurred and prejudgment interest owed.

14.03   Pursuant to UDJA section 37.008, Plaintiffs further pray for recovery of costs and reasonable and necessary attorney fees as are equitable and just.

## XV.

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

## CONDITIONS PRECEDENT

15.01   All conditions precedent have been performed or have occurred.

## XVI.

## INTEREST

16.01   Plaintiffs seek prejudgment interest and post judgment interest in the maximum amounts allowed by law.

## XVII.

## U.S. LIFE TABLES

17.01   Notice is hereby given that Plaintiffs intend to use the U.S. Life Tables as prepared by the United States Department of Health and Human Services.

## XVIII.

## RULE 193.7 NOTICE

18.01   Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Plaintiffs intend to rely upon the authenticity of any document a Defendant produces in discovery.

## XIX.

## JURY DEMAND

19.01.   Plaintiffs request a trial by jury.

## XX.

## DAMAGES FOR GUADALUPE ENRIQUEZ

20.01   As a direct and proximate cause of the Underinsured Driver's negligence made the basis of this lawsuit, Plaintiff GUADALUPE ENRIQUEZ has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer.

20.02   By reason of the foregoing injuries and damages, Plaintiff seeks damages for the elements of damages listed below:

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

a.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

b.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

c.   Pain and suffering in the past;

d.   Pain and suffering in the future;

e.   Mental anguish in the past;

f.   Mental anguish in the future;

g.   Loss of earning capacity and income in the past;

h.   Loss of earning capacity and income in the future;

i.   Loss of physical capacity other than wage earning capacity in the past;

j.   Loss of physical capacity other than wage earning capacity in the future;

k.   Physical disfigurement in the past; and

l.   Physical disfigurement in the future.

20.03   Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the uninsured / under insured motorist provision of the insurance policy, mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, disfigurement, statutory damages pursuant to §542.003 (formerly Article 21.21) and §542.055 through §542.060 (formerly Article 21.55) of the Texas Insurance Code, and damages pursuant to the Texas Deceptive Trade Practice Act. Plaintiff also sues for declaratory relief. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## XXI.
## DAMAGES FOR ISRAEL LEIJA

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

21.01   As a direct and proximate cause of the Underinsured Driver's negligence made the basis of this lawsuit, Plaintiff ISRAEL LEIJA has incurred customary medical and doctor expenses in the past and will, in reasonable probability, continue to suffer.

21.02   By reason of the foregoing injuries and damages, Plaintiff seeks damages for the elements of damages listed below:

a.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the past;

b.   Reasonable medical and healthcare expenses for necessary medical and healthcare treatment in the future;

c.   Pain and suffering in the past;

d.   Pain and suffering in the future;

e.   Mental anguish in the past;

f.   Mental anguish in the future;

g.   Loss of earning capacity and income in the past;

h.   Loss of earning capacity and income in the future;

i.   Loss of physical capacity other than wage earning capacity in the past;

j.   Loss of physical capacity other than wage earning capacity in the future;

k.   Physical disfigurement in the past; and

l.   Physical disfigurement in the future.

22.03   Plaintiff is entitled to all elements of damages recoverable under Texas law including, but not limited to, sums due and owing under the uninsured / under insured motorist provision of the insurance policy, mental anguish, attorney's fees, exemplary damages, costs of court, lawful pre-judgment interest, lawful post-judgment interest, medical care, lost earnings capacity, physical impairment, disfigurement, statutory damages pursuant to §542.003 (formerly

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

Article 21.21) and §542.055 through §542.060 (formerly Article 21.55) of the Texas Insurance Code, and damages pursuant to the Texas Deceptive Trade Practice Act. Plaintiff also sues for declaratory relief. Plaintiff's damages are in excess of the minimum jurisdictional limits of this Court.

## XXII.
## REQUEST FOR DISCLOSURE

22.01   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the Defendant discloses within fifty (50) days after service of this Petition the information or material described in Rule 194.2 as set forth therein.

## XXIII.

## ADDITIONAL DISCOVERY REQUESTS ATTACHED HERETO

23.01   Attached please find Plaintiffs' Request for Production, First Set of Interrogatories, and Requests for Admissions to Defendant PHILADELPHIA who are hereby requested to answer same, within fifty (50) days after the service of the citation and petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA respectfully prays that Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY be cited to appear and answer herein, and that a Trial by Jury (On the Merits) be scheduled, and at the conclusion of said Trial, judgment be entered in favor of Plaintiffs and that Plaintiffs be awarded damages, jointly and severally, for:

1.      Defendant's breach of contract, jointly and severally;

2.      Damages under the TEXAS INSURANCE CODE, TEXAS BUSINESS & COMMERCE CODE, AND TEXAS DECEPTIVE TRADE PRACTICES ACT TO be proved at trial;

---

Electronically Filed
6/24/2020 8:59 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-2170-20-C**

3.    All pre-judgment interest;

4.    All post-judgment interest at the highest rate allowed by law;

5.    Reasonable attorney's fees;

6.    Costs of court; and

7.    Any and all relief, either in law or in equity, compensatory or exemplary, to which Plaintiffs are justly entitled.

> **TIJERINA LEGAL GROUP, P.C.**
> 1200 South Col. Rowe Boulevard, Suite 4A
> McAllen, Texas 78501
> Telephone No. (956) 777-7000
> Facsimile No.  (956) 972-0144
> Email: **TijerinaLit@gmail.com**
>
> BY: *Cesar Palma*
> HUMBERTO TIJERINA, III
> State Bar No. 24028040
>
>
> CESAR PALMA
> State Bar No. 24094884
>
>
> **ATTORNEYS FOR PLAINTIFFS**

CAUSE NO. **C-2170-20-C**

| | | |
|---|---|---|
| GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, *Plaintiffs,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY *Defendant.* | §<br>§<br>§<br>§ | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF REQUEST FOR PRODUCTION
## TO PHILADELPHIA INDEMNITY INSURANCE COMPANY

TO:   PHILADELPHIA INDEMNITY INSURANCE COMPANY, Defendant, by and through its registered agent: CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

NOW COMES GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, Plaintiffs in the above-styled and numbered cause, and, pursuant to Rule 197 of the Texas Rules of Civil Procedure, serves this: Request for Production to Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY.

> **TIJERINA LEGAL GROUP, P.C.**
> 1200 South Col. Rowe Boulevard, Suite 4A
> McAllen, Texas 78501
> Telephone No. (956) 777-7000
> Facsimile No. (956) 972-0144
> Email: TijerinaLit@gmail.com

> BY: *Cesar Palma*
> HUMBERTO TIJERINA, III
> State Bar No. 24028040
>
> CESAR PALMA
> State Bar No. 24094884

### ATTORNEYS FOR PLAINTIFFS

**C-2170-20-C**

## INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall mean PHILADELPHIA INDEMNITY INSURANCE COMPANY, and all attorneys, agents, employees, and other natural persons or business or legal entities acting or purporting to act for or on behalf of PHILADELPHIA INDEMNITY INSURANCE COMPANY, whether authorized to do so or not.

2.     As used herein, the term, "documents", shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. "Documents", shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter, regardless of the media of recordation.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration, and not by way of limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence, whether internal or external; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers; journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes, both contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; policy statements or manuals; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     In accordance with Tex. R. Civ. P. 192.7, a document is deemed to be in your possession, custody, or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.     "Person", or, "persons", means any natural persons, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or

## C-2170-20-C

arrangement, as well as, governmental or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner which does not destroy the source of such data or information.

### USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

### TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from July 16, 2019, through the date of production of documents requested herein.

C-2170-20-C

## EXHIBIT "A"

### DOCUMENTS TO BE PRODUCED

1.  All color photographs or a CD containing all color photographs in connection with Plaintiff's cause of action in the possession, constructive possession, custody, or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone acting on their behalf.

2.  All color photographs or a CD containing all color photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone acting on their behalf.

3.  All color photographs or a CD containing all colored photographs taken of any and all Plaintiffs, which may be in the possession, constructive possession, custody or control PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone else acting on their behalf.

4.  All color pictures or a CD containing all color photographs, motion pictures, movies, films, or photographic material of any kind taken of any and all Plaintiffs which are in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone acting on their behalf.

5.  All color pictures or a CD containing all color photographs, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone acting on their behalf.

6.  All written statements made by the Plaintiffs in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney, or anyone acting their behalf.

7.  All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney or anyone acting on their behalf.

## C-2170-20-C

8.      A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about the Plaintiffs which is in the possession, constructive possession, custody or control of PHILADELPHIA INDEMNITY INSURANCE COMPANY, PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorney or anyone acting on their behalf.

9.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that PHILADELPHIA INDEMNITY INSURANCE COMPANY advise Plaintiffs accordingly and reduce such material to a tangible form).

10.     Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to PHILADELPHIA INDEMNITY INSURANCE COMPANY, as a result of the accident which has been made the basis of Plaintiffs' lawsuit.

11.     Any written policies, procedures, and directives of PHILADELPHIA INDEMNITY INSURANCE COMPANY concerning the handling of claims by PHILADELPHIA INDEMNITY INSURANCE COMPANY.

12.     Any and all claims handling studies conducted by PHILADELPHIA INDEMNITY INSURANCE COMPANY, their agents, or assigns, concerning the analysis of claims by PHILADELPHIA INDEMNITY INSURANCE COMPANY.

13.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiffs' cause of action and may be used as demonstrative evidence at trial.

14.     Copies of your insurance company's declaration sheet outlining coverage limits along with a copy of the policy coverage instructions provided to you when you issued the policy.

15.     Any and all profitability studies conducted by, on behalf of, or at the behest of PHILADELPHIA INDEMNITY INSURANCE COMPANY regarding the handling of claims submitted to PHILADELPHIA INDEMNITY INSURANCE COMPANY.

16.     Any and all reports and memoranda regarding the handling of claims submitted to PHILADELPHIA INDEMNITY INSURANCE COMPANY.

17.     Any executive statements and all policy amendments regarding the handling of claims by PHILADELPHIA INDEMNITY INSURANCE COMPANY.

18.     A complete copy of all insurance claim files that relate to the injury at issue in this lawsuit. This request includes both files relating to bodily injury claims and property

---

## C-2170-20-C

damage claims. If you claim that any portion of the claim file is protected by the work-product privilege, please, state the date on which you first anticipated litigation and produce all documents in the claim files that were generated prior to the anticipation of litigation.

19. Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiff's or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiff's as outlined in Plaintiff's latest original or amended pleadings on file that were prepared before Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

20. Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things, that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

   a.   Whether Plaintiffs actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;

   b.   The extent or duration of Plaintiff GUADALUPE ENRIQUEZ AND ISRAEL LEIJA  claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;

   c.   Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA'S physical or mental condition before or after the injury;

   d.   The earning capacity of Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA'S before or after the injury;

   e.   Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA'S ability or inability to work before or after the date of the injury;

   f.   Any indemnity reserve relating to the claimed injury of Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA;

## C-2170-20-C

g.      Any investigation performed on behalf of Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY concerning Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, including but not limited to: photographs; recorded statements; videotapes; background; criminal or credit records checks; surveillance; following; eavesdropping or interviewing persons;

h.      Any advance payments made to Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA;

i.      Evaluations or analyses of the character or personality of Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

j.      Evaluations or analyses of Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA and Plaintiffs' legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills, or expertise;

k.      The settlement or potential judgment of this case;

l.      Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party; and

m.      Whether some person, party or entity other than Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY caused or contributed to the occurrence in question.

21.   Please produce the following items:

a.      If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of the Plaintiff to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue; and

b.      Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff;

22.   Please, produce any and all of the e-mail communications sent to, received by, or sent by

---

**C-2170-20-C**

Steven Anderson, Claims Representative from the period of July 16, 2019, to present. (Production of these documents must be in in '.pdf' format and may be stored on compact disc, flash drive, or any other portable memory storage medium.)

23.  Please, produce any and all manuals or training materials provided to claims handlers for use in evaluating, negotiating, and settling claims.

24.  All recordings, record transcripts, and written statements made by the Plaintiffs in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

25.  All oral statements made by the Plaintiffs which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

26.  All written statements made by any participants and/or witnesses to the transactions and occurrences which form the basis for this suit that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

27.  All oral, taped, or recorded statements made by any participants and/or witnesses to the transactions and occurrences which form the basis of Plaintiffs' lawsuit which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney, or anyone acting on Defendant's behalf.

28.  A full and complete copy of the policy or policies of insurance providing coverage to the Plaintiffs.

29.  All written reports of document review, inspection, tests, writings, drawings, graphs, charts, recordings or opinions of (1) any expert who will or may be called by the Defendant as a witness during the trial of Defendant's case; (2) who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.  (If the discoverable factual materials has not been received or reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

30.  Copies of all contracts and agreements between Defendant and Plaintiffs.

31.  Copies of all correspondence and written communications by and between Defendant and/or any employee, agent, or independent contractor of Defendant and Plaintiffs.

32.  Copies of any and all manuals, instructions (whether written, electronic, or otherwise), and documents providing guidance for all computer program(s) utilized by Defendant to evaluate Plaintiffs injury claims.  If you contend such documents are privileged, Plaintiff

## C-2170-20-C

requests a privilege log be prepared which details all such documents so Plaintiff may determine whether privilege applies and seek a judicial determination of privilege.

33.     Copies of any and all communications (whether written, electronic, or otherwise) by and between Defendant and any person, company, or entity Defendant has had evaluate the medical records of Plaintiffs stemming from the claims asserted by Plaintiffs in this cause.   This request encompasses all communications, whether via letter, memo, facsimile, email, or any other communication of any kind.   If you contend such documents are privileged, Plaintiff requests a privilege log be prepared which details all such documents so Plaintiffs may determine whether privilege applies and seek a judicial determination of privilege.

34.     A full and complete copy of Plaintiffs' claims files with Defendant.  If you contend such documents are privileged, Plaintiffs request a privilege log be prepared which details all such documents so Plaintiffs may determine whether privilege applies and seek a judicial determination of privilege.

35.     Copies of the results of any and all computer analysis (whether written, electronic, or otherwise) of Plaintiffs' claims in this cause, as well as all documents and communications (whether written, electronic, or otherwise) disseminated by and/or between agents and/or employees of Defendant regarding such results.  If you contend such documents are privileged, Plaintiffs request a privilege log be prepared which details all such documents so Plaintiff may determine whether privilege applies and seek a judicial determination of privilege.

36.     Copies of the job descriptions of all persons that have evaluated and/or assisted in the evaluation of Plaintiffs' claims in this cause.  If you contend such documents are privileged, Plaintiffs request a privilege log be prepared which details all such documents so Plaintiffs may determine whether privilege applies and seek a judicial determination of privilege.

37.     Copies of all documents that Defendant contends support denial of Plaintiffs' claims and/or tender of less than policy limits for Plaintiffs' claims.

38.     Copies of all documents that detail the steps of the claims process.

39.     Copies of the employment files for all employees of Defendant who are listed as persons with knowledge in response to Plaintiffs request for disclosure, as well as the person with the most knowledge of Plaintiffs' account and the handling of same in this case.  If you contend such documents are privileged, Plaintiffs request a privilege log be prepared which details all such documents so Plaintiffs may determine whether privilege applies and seek a judicial determination of privilege.

40.     Copies of all manuals, videotapes, computer based learning modules, pamphlets, packets, memoranda, emails, and any and all other documents and/or media that detail the training and/or education provided to Defendant's employees regarding evaluation of injury

C-2170-20-C

claims, use of any computer programs used to assist in evaluating and valuing injury claims, data utilized by computer program(s) in evaluating injury claims, and dissemination of the results of such analysis.

41.    Any and all documents described or utilized in responding to Plaintiffs' Interrogatories and Request For Disclosure to Defendant.  If you contend such documents are privileged, Plaintiffs request a privilege log be prepared which details all such documents so Plaintiffs may determine whether privilege applies and seek a judicial determination of privilege.

42.    Any and all documents you contend support any denial or contention on the part of Defendant that the accident forming the basis for these claims was not the cause of the injuries and damages complained of by Plaintiffs and/or that there were other contributory causes for such injuries and damages.

CAUSE NO. _____ **C-2170-20-C**

| | | |
|---|---|---|
| GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF REQUEST FOR ADMISSION TO PHILADELPHIA INDEMNITY INSURANCE COMPANY

TO:   PHILADELPHIA INDEMNITY INSURANCE COMPANY D/B/A PHILADELPHIA INSURANCE CO., Defendant, by and through Defendant's registered agent: CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

NOW COME GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, Plaintiffs in the above-styled and numbered cause, and, pursuant to Rule 198 of the Texas Rules of Civil Procedure, serves this: First Set of Requests for Admission to Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY.

**TIJERINA LEGAL GROUP, P.C.**
1200 South Col. Rowe Boulevard, Suite 4A
McAllen, Texas 78501
Telephone No. (956) 777-7000
Facsimile No.  (956) 972-0144
Email: TijerinaLit@gmail.com

BY: *Cesar Palma*_____
       HUMBERTO TIJERINA, III
       State Bar No. 24028040

       CESAR PALMA
       State Bar No. 24094884

## ATTORNEYS FOR PLAINTIFFS

C-2170-20-C

## DEFINITIONS AND INSTRUCTIONS

1.    "You" and "Your":  As used herein, the terms "you" and "your" shall refer to PHILADELPHIA INDEMNITY INSURANCE COMPANY and any of PHILADELPHIA INDEMNITY INSURANCE COMPANY'S attorneys, agents, employees, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of PHILADELPHIA INDEMNITY INSURANCE COMPANY, whether authorized to do so or not.

2.    "Incident":  As used herein, the term, "Incident", refers to the injury occurring on or about July 16, 2019.

3.    "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

4.    "Plaintiff":  The term, "Plaintiff", refers to GUADALUPE ENRIQUEZ AND ISRAEL LEIJA.

5.    "Settlement," as used herein, means:

(a) an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiff and any defendant or between any defendant herein whereby plaintiff or defendant have in any way released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein;

(b) any resolution of the differences between the plaintiff and defendant by loan to the plaintiff or any other device which is repayable in whole or in part out of any judgment the plaintiff may recover against defendant;

(c) "Mary Carter Agreements" as that term is used under Texas Law.

6.    Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

**C-2170-20-C**

## EXHIBIT "A"

Admit the following:

1.    You provided an underinsured motorist insurance policy to Idea Public School with coverage for GUADALUPE ENRIQUEZ and ISRAEL LEIJA.

ADMIT OR DENY: _____

2.    On July 16, 2019, an underinsured insurance policy containing coverage for GUADALUPE ENRIQUEZ AND ISRAEL LEIJA was in effect.

ADMIT OR DENY: _____

3.    GUADALUPE ENRIQUEZ AND ISRAEL LEIJA are "covered persons" named on the underinsured motorist insurance policy you issued to Idea Public School.

ADMIT OR DENY: _____

4.    On July 16, 2019, GUADALUPE ENRIQUEZ AND ISRAEL LEIJA were "covered persons" on Idea Public School's underinsured motorist insurance policy issued by you.

ADMIT OR DENY: _____

5.    You denied coverage on claim number "1294087".

ADMIT OR DENY: _____

6.    On July 16, 2019, the driver whom caused the accident made the basis of GUADALUPE ENRIQUEZ and ISRAEL LEIJA's claim, at that time, satisfied your definition of "underinsured motorist".

ADMIT OR DENY: _____

7.    You rejected a claim for policy limits made by GUADALUPE ENRIQUEZ AND ISRAEL LEIJA under Idea Public School's underinsured motorist policy issued by you.

ADMIT OR DENY: _____

8.    GUADALUPE ENRIQUEZ AND ISRAEL LEIJA's claim of policy limits is within the policy limits of Idea Public School's underinsured motorist insurance policy coverage.

ADMIT OR DENY: _____

9.    You have no reasonable basis to deny GUADALUPE ENRIQUEZ AND ISRAEL LEIJA's claim for policy limits.

## C-2170-20-C

ADMIT OR DENY: _____

10.     Your basis for denying GUADALUPE ENRIQUEZ AND ISRAEL LEIJA's claim for policy limits is that it promotes your own business interests.

ADMIT OR DENY: _____

11.     You have breached your contract for insurance coverage with Idea Public School

ADMIT OR DENY: _____

12.     Your claims representative, Steven Anderson, negotiated GUADALUPE ENRIQUEZ AND ISRAEL LEIJA's claim in bad faith.

ADMIT OR DENY: _____

13.     You have breached your duty of good faith and fair dealing owed to Idea Public School.

ADMIT OR DENY: _____

14.     Your duty to Idea Public School consists of negotiating claims in good faith and in dealing fairly with policy holders regarding their claims.

ADMIT OR DENY: _____

15.     Your policy, practice, or procedure for claims handling is designed to deter claimants from reaching a fair and reasonable settlement of claims

ADMIT OR DENY: _____

16.     That you breached of your duty to Idea Public School.

ADMIT OR DENY: _____

17.     That your actions or lack of actions caused the Plaintiff's injury.

ADMIT OR DENY: _____

18.     That you have policies in place to deter full and fair settlement of claims.

ADMIT OR DENY: _____

19.     That your claims representatives are instructed, trained, or directed to make offers below the actual value of the claims made.

**C-2170-20-C**

ADMIT OR DENY: _____

20.  That your claims policies, procedures, or directives involve promoting your business
     interests over the interests of your insured.

ADMIT OR DENY: _____

CAUSE NO. **C-2170-20-C**

| | | |
|---|---|---|
| GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| PHILADELPHIA INDEMNITY | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES
## TO PHILADELPHIA INDEMNITY INSURANCE COMPANY

TO:  PHILADELPHIA INDEMNITY INSURANCE COMPANY, Defendant, by and through its registered agent: CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

COME NOW GUADALUPE ENRIQUEZ AND ISRAEL LEIJA, Plaintiffs in the above-styled and numbered cause, and, pursuant to Rule 197 of the Texas Rules of Civil Procedure, serves First Set of Interrogatories to Defendant PHILADELPHIA INDEMNITY INSURANCE COMPANY.

> **TIJERINA LEGAL GROUP, P.C.**
> 1200 South Col. Rowe Boulevard, Suite 4A
> McAllen, Texas 78501
> Telephone No. (956) 777-7000
> Facsimile No. (956) 972-0144
> Email: TijerinaLit@gmail.com

BY: *Cesar Palma*
> HUMBERTO TIJERINA, III
> State Bar No. 24028040
>
> CESAR PALMA
> State Bar No. 24094884
>
> **ATTORNEYS FOR PLAINTIFFS**

---

Plaintiffs' First Set of Interrogatories                                    Page 1

**C-2170-20-C**

## DEFINITIONS AND INSTRUCTIONS

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

1.  The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

As used herein, the following terms shall have the meanings indicated below:

a.      As used herein, the terms "you" and "your" shall refer to Defendant answering this request, the attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendant, whether authorized to do so or not.

b.      The term "documents" shall mean all writings of every kind, source, and authorship, both originals and all nonidentical copies thereof, in your possession or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or any private entity, or any person.

A document is deemed to be in your possession, custody or control if you have either actual physical possession of a document or constructive possession of the document. Constructive possession means that you have a superior right to compel the production of such document or a copy thereof from a third party having actual physical possession of the document.

The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or

## C-2170-20-C

retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts, drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate by-laws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries, drafts; files; guaranty agreements; instructions; invoices; ledgers, journals balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including published books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statement of bank accounts; statements, interviews; stock transfer ledger; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested

c.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

d.      "Identify" or "Identification":

        (a)      to a person, means to state the person's name, and their business and residential addresses and phone numbers.

        (b)      to a business or governmental entity, means to state its full name and present or last known business address and phone number.

        (c)      to a statement, means to identify who made it, who took or recorded it, when, where, and how it was made, and all others, present during the making of the recording.

        (d)      to any tangible item or document, means to identify it, to give a reasonably detailed description of the item, and to state who has present or last known possession, custody, or control of the item or document.

        (e)      to any insurance agreement, means to list the policy holder, all additional insured, the policy number, the insurance company carrying the policy, its effective dates, and the policy limits.

---

## C-2170-20-C

(f)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(a)     the title, heading, or caption, if any, of such document;

(b)     the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(c)     the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(d)     the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(e)     the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(f)     the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(g)     the physical location of the document and the name of its custodian or custodian

        Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

        e.     "Settlement," as used herein, means an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, "arrangement, "deal", "understanding," loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between plaintiffs and any defendants or between any defendants herein whereby plaintiffs or defendant(s) have in any way released compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.
The term "settlement" is also meant to include any resolution of the differences between the plaintiffs and defendant(s) by loan to the plaintiffs or any other device which is repayable in whole or in part out of any judgment the plaintiffs may recover against defendant(s).

        The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

        f.     "Plaintiff" or "Plaintiff" means GUADALUPE ENRIQUEZ AND ISRAEL LEIJA.

        g.     "Person" and "Persons" means both the plural and singular, and each term includes

---

## C-2170-20-C

any natural person, governmental unit, corporation, association, firm, partnership, or other business or any other legal entity, and the officers, employees, agents, servants, attorneys, or representatives of such entities, as the context requires.

h.    "Accident" or "Incident" means the alleged accident, incident, injury or occupational disease onset or the occurrence made the basis of this lawsuit as described in Plaintiff's Original Petition.

i.    "Statement" means a written statement signed or otherwise adopted or approved by the person making it; and any recording or transcription which is a substantially verbatim recital of a statement by the person and contemporaneously recorded.

j.    "Document" means both the plural and singular, and each term includes, but is not limited to, contracts and agreements, correspondence, advertising materials, memoranda, reports, handwritten notes, surveys, analysis, leases, manuals, questionnaires, computer print-outs, tapes, compact discs and records of all types, corporate records, minutes of meetings, studies, books, pamphlets, policy manuals, schedules, job descriptions, photographs, voice recordings, and every other device or media on which or through which information of any type is transmitted, recorded, or preserved in the possession, custody or control of Defendant.  The term "documents" also means an authentic copy where the original is not in the possession, custody, or control of Defendant and every copy of a document where such copy is not an identical duplicate of the original.

k.    "Communication" means any contact between two or more persons or companies and shall include, without limitation, written contact by means such as letters, memoranda, telegrams, telex, E-mail, and oral contact by such means such as face to face meetings and telephone conversations.  However, this term is not meant to include any contact which is claimed as exempt from discovery as party communication, attorney-client privilege, or under any other exemption.

l.    "Relate to" means consist of, discuss, refer to, allude to, pertain to, reflect, concern, concerning, evidence or be any way logically or factually connected with the matter discussed.

### NOTICE WITH REGARD TO OBJECTIONS

1.    Discovery extends to all relevant, non-privileged documents, as defined above, and other tangible things which constitute or contain discoverable data or information. It is not a ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. See TEX R. CIV. P. Rule 192.3.

2.    No objection or assertion of work product is permitted to a request submitted under Rule 194.

3.    Discovery extends to documents or things either in your possession or in your

## C-2170-20-C

constructive possession. Constructive possession exists so long as you have a superior right to compel the production of the document or thing from the third party, including an agent, attorney or representative who has possession, custody or control of such document or thing, even though Defendant does not have actual physical possession.

    4.    With regard to any request for production to which Defendant objects on the ground that the request is overly broad, burdensome or not limited in scope or time properly, Defendant is requested to state in its answer or objection:

    a.    The categories of information, if any, to which Defendant does not object to providing and to produce such answers or documents or tangible things in your response to this written interrogatory or request for production; and

    b.    The documents that are in existence to which you object to providing and the reason why you claim that such documents or the information contained therein is not calculated to lead to the discovery of admissible evidence which is relevant or material to the facts in this case.

    5.    Privilege.

    A.    Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you object on the ground of privilege or exemption from discovery, you are must state in your response, the following:

    a.    That information or material responsive to the request has been withheld;

    b.    Identify the request to which the information or material relates; and

    c.    The specific facts which you claim support the asserted legal privilege.

    B.    Pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described in A above, you are hereby requested to identify the information and material withheld within 15 days from the date that service of said response upon the party seeking discovery, and to serve a response that:

describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and

asserts a specific privilege for each item or group of items withheld.

See also Peeples v. The Honorable Fourth Court of Appeals, 701 S.W.2d 635 (Tex. 1985); Jordan v. The Honorable Fourth Court of Appeals, 701 S. W.2d 644 (Tex. 1985); Griffin v. The Honorable R.L. Smith, 688 S.W.2d 112 (Tex. 1985).

    C.    Please note that under Rule 192.5 (c), even if made or prepared in anticipation of

## C-2170-20-C

litigation or for trial, the following is not work product protected from discovery:

     a.     information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;

     b.     trial exhibits ordered disclosed under Rule 166 or Rule 190.4;

     c.     the name, address, and telephone number of any potential party or any person with knowledge of relevant facts;

     d.     any photograph or electronic image of underlying facts (e.g., a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and

any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

     6.     Documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS. You are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." Jampole v. Touchy, 673 S.W.2d 569 (Tex. 1984). Plaintiff's counsel is willing to make agreements with Defendant not to disclose such documents to competitors, the media, or the public generally and are willing to enter into an agreement immediately so as not to delay production for such documents. If such arrangements are needed by Defendant, please advise the undersigned at least ten (10) days before the documents are to be produced so as to allow sufficient time to execute such agreement.

C-2170-20-C

## INTERROGATORIES TO DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY

INTERROGATRY NO.1: Identify (name, address, telephone number, driver's license number, employer, job title, and job description) of all persons who prepared or in any way assisted in preparing the answers to these interrogatories and Plaintiffs' requests for production.

ANSWER:


INTERROGATORY NO. 2:  Please detail the evaluation process of each of the Plaintiffs' claims, including the name(s), address (es), telephone number(s), employer, job title, and job description of each and every single person that has any dealing with the Plaintiffs' claims in this case during the evaluation process.

ANSWER:


INTERROGATORY NO. 3: Is a computer program utilized to evaluate Plaintiffs' claims?  If so, please state the name of the program used, the specific data utilized by the program in evaluating the Plaintiffs claims, all fields of data the program deems relevant in evaluating injury claims, the identity of all persons that input data into said program for analysis of Plaintiffs' claims, the means by which the results of the program's analysis are presented to the program user and claims adjuster(s), the identity of all persons receiving such results, and the methods by which results of the program's analysis are distributed to various end users of this information.

ANSWER:


INTERROGATORY NO. 4: Please provide a listing of all manuals, instructions, directions, and materials providing guidance as to the use of any and all computer programs utilized by Defendant in evaluating injury claims.

ANSWER:


INTERROGATORY NO. 5: Please provide the name, address, and telephone number of all medical personnel (doctor, nurse, nurse practitioner, or any other medical providers) Defendant has had review the Plaintiffs' medical records in this case.

ANSWER:


INTERROGATORY NO. 6: Please fully explain any and all bases you contend support your contention that policy limits should not be tendered in payment of Plaintiffs' claims.

## C-2170-20-C

ANSWER:

INTERROGATORY NO. 7: Please identify the agent or employee of Defendant with the most knowledge of the analysis and valuation of Plaintiffs' claims in this case.

ANSWER:

INTERROGATORY NO. 8: If you contend Plaintiffs' injuries stem from some cause(s) other than the accident forming the basis for these claims, please detail such other cause(s).

ANSWER:

INTERROGATORY NO. 9: Please state in full detail each and every contention or denial of liability on Plaintiffs' claims made the basis of this suit. Include in your answer:

(a)     all facts known to you which you contend support or corroborate each such denial;

(b)     the name, business and residence address, and telephone number of each person known to you who claims to have any knowledge relating to each such denial of Plaintiffs' claims; and

(c)     the name, business and residence address, and telephone number of the present custodian of any writings in support of each such denial.

ANSWER:

INTERROGATORY NO. 10: Please, indicate whether you have been sued as a result your claims handling process, policy, procedure, or plan. Please, include the cause number of such a lawsuit, the court in which you were sued, and the final disposition of such a lawsuit.

ANSWER:

INTERROGATORY NO. 11: Please, state your basis for denying Plaintiffs GUADALUPE ENRIQUEZ AND ISRAEL LEIJA's demand received by you. Also, please indicate your reasons for rejecting a good faith offer for settlement made within the limits of the underinsured insurance coverage policy made the basis of this lawsuit.

ANSWER:

INTERROGATORY NO. 12: Please, state a corporate representative for the purposes of deposition with knowledge of your claims procedures and with knowledge of claim "1294087".

ANSWER:

Electronically Filed
7/24/2020 5:23 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

## CAUSE NO. C-2170-20-C

| | | |
|---|---|---|
| **GUADLUPE ENRIQUEZ AND ISRAEL** | § | **IN THE DISTRICT COURT OF** |
| **LEIJA,** | § | |
|     **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **139TH JUDCIAL DISTRICT** |
| | § | |
| **PHILADELPHIA INDEMNITY** | § | |
| **INSURANCE COMPANY,** | § | |
|     **Defendant.** | § | **HIDALGO COUNTY, TEXAS** |

### PHILADELPHIA INDEMNITY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Philadelphia Indemnity Insurance Company and files this Original Answer to Plaintiffs' Original Petition and for such would respectfully show the Court the following:

### I.
### GENERAL DENIAL

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Philadelphia Indemnity Insurance Company denies each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demands strict proof thereof.

WHEREFORE, PREMISES CONSIDERED, Defendant Philadelphia Indemnity Insurance Company respectfully prays that upon final hearing hereof, Plaintiffs Guadalupe Enriquez and Israel Leija take nothing by reason of this action, that Defendant be awarded its costs of court, and for such other and further relief to which it may show itself justly entitled.

Electronically Filed
7/24/2020 5:23 PM
Hidalgo County District Clerks
Reviewed By: Kim Hinojosa

Respectfully Submitted,

COLVIN, SAENZ, RODRIGUEZ & KENNAMER, L.L.P.

By:  */s/Elizabeth Ferguson Herrera*
       Jaime A. Saenz
       State Bar No. 17514859
       Email: ja.saenz@rcclaw.com
       Elizabeth Ferguson Herrera
       State Bar No. 24087716
       Email: e.herrera@rcclaw.com
       1201 East Van Buren
       Brownsville, Texas 78522
       Telephone: (956) 542-7441
       Facsimile:  (956) 541-2170

AND

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:    (512) 472-7700
Facsimile:    (512) 472-0205

By:  */s/ Catherine L. Hanna*
       Catherine L. Hanna
       State Bar No. 08918280
       Email:  channa@hannaplaut.com
       Sheila S. Tan
       State Bar No. 24078047
       Email:  stan@hannaplaut.com

**ATTORNEYS FOR DEFENDANT
PHILADELPHIA INDEMNITY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been delivered via e-service on this 24th day of July 2020 to:

Cesar Palma
TIJERINA LEGAL GROUP, P.C.
1200 South Col. Rowe Blvd., Suite 4A
McAllen, Texas 78501
*Attorney for Plaintiffs*

                          */s/Catherine L. Hanna*
                          Catherine L. Hanna